## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KEVIN BUCKLEY**<br>　　Plaintiff,<br><br>**vs.**<br><br>**COLLECTION BUREAU OF HUDSON VALLEY,**<br>**INC., JOHN DOES, and JANE DOES**<br><br>　　Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.
1:12-cv-11927

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.　　*INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Kevin Buckley, an individual consumer, against Defendants' violations of the law, including but not limited to violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, such as those by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

1

## II.    JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such

actions may be brought and heard before, "[A]ny appropriate United States district court

without regard to the amount in controversy;" under 18 U.S.C. § 2520(a); under 28

U.S.C. § 1337; and also under 28 U.S.C. § 1367.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial

part of the events or omissions giving rise to the claim occurred here.  Because

Defendants transact business here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, Kevin Buckley is a consumer, as that term is defined by 15 U.S.C. §

1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in

Essex County, in the state of Massachusetts.

5.  Defendant, Collection Bureau of Hudson Valley, Inc. is a collection agency and

foreign corporation engaged in the business of collecting debt in this state with its

principal place of business located in Albany County, in the state of New York.

6.  Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s)

who were employed by Defendants as collection agents, whose identities are currently

unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendants as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendants acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10.  Sometime before September of 2012, Plaintiff, Kevin Buckley, allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Kevin.

12.  The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13.  Defendants then within one year prior to the filing of this complaint, began contacting Kevin and placing collection call(s) to Kevin prior to October 16, 2012; seeking and demanding payment for an alleged consumer debt owed under an account number; the alleged consumer debt in question being already outside of the requisite statute of limitations in Massachusetts for Defendants to sue to collect on it.

14.  Upon information and belief, within one year prior to the filing of this complaint, Defendants, during a communication directed to Kevin, stated that Kevin's insurance

4

company would not pay the alleged debt for him, without having knowledge of whether or not his insurance company would or would not do so, and Defendants also told Kevin that the alleged debt would stay on his credit report until it was paid, which was misleading as there is a time limit in regards to how long an alleged debt could be reported on a consumer's credit, during an effort to coerce Kevin into making payments on the alleged debt, and thereby violated his rights under the FDCPA by lying to and/or attempting to mislead him.

15.  Upon information and belief, within one year prior to the filing of this complaint, Defendant abruptly hung up the phone on Kevin during a conversation with him, knowing such conduct would harass and/or annoy him.

16.  Upon information and belief, within one year prior to the filing of this complaint, Defendants illegally intercepted Kevin during a wire communication, as defined under 18 U.S.C. § 2510(1), without telling him that they were doing so.  Kevin later learned of this illegal recording, upon calling back Defendants and learning through an automated message that all calls were recorded by Defendants.  Defendants had neither the implied nor the express consent of Kevin to record him.

17. Upon information and belief, Defendants recorded Kevin illegally for the purpose of then sending him a letter containing statements that were misleading, false, and contradictory from the conversation that Kevin had with Defendants, for the purpose of causing Kevin emotional distress.  Defendants sent Kevin a letter stating:

"WHAT HAPPENED ?? ... YOU BROKE YOUR PROMISE.  YOUR
PROMISED PAYMENT ON THIS ACCOUNT HAS NOT BEEN RECEIVED.
INSTALLMENT PRIVILEGES WERE AGREED UPON AS A FAVOR TO
YOU."

Kevin never promised anything to Defendants, nor did he make a payment arrangement
with them involving 'installment privileges' or otherwise.

## *SUMMARY*

18.  All of the above-described collection communications made to Plaintiff Kevin

Buckley by each individual Defendant and other collection employees employed by

Defendant Collection Bureau of Hudson Valley, Inc. were made in violation of numerous

and multiple provisions of the FDCPA, including but not limited to all of the provisions

of the FDCPA cited herein.

19.  The above-detailed conduct by these Defendants of harassing Kevin in an effort to

collect this debt was a violation of multiple provisions of the FDCPA, including but not

limited to all of the above mentioned provisions of the FDCPA, as well as the intentional

and/or negligent infliction of emotional distress, violations of the Federal Wiretap Act, 18

U.S.C. § 2510 et al (hereinafter the "FWA"), and violations of the Massachusetts Wiretap

Act, M.G. L. c.272 § 99 (hereinafter the "MWA").

20.  As a result of the acts alleged above, Defendant caused Kevin to become very upset

because of the illegal and deceptive manner in which this debt was collected by these

Defendants.

21.  Kevin suffered actual damages as a result of these illegal collection communications by these Defendants in the form of emotional distress, frustration, upset, amongst other negative emotions.

22.  Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Kevin.

## RESPONDEAT SUPERIOR LIABILITY

23.  The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Collection Bureau of Hudson Valley, Inc. who communicated with Plaintiff Kevin Buckley as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Collection Bureau of Hudson Valley, Inc.

24.  The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Collection Bureau of Hudson Valley, Inc. in collecting consumer debts.

25.  By committing these acts and omissions against Kevin, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Collection Bureau of Hudson Valley, Inc.

7

26.  Defendant Collection Bureau of Hudson Valley, Inc. is therefore liable to Kevin

through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors,

and omissions done in violation of state and federal law by its collection employees,

including but not limited to violations of the FDCPA, in their attempts to collect this debt

by communicating with Kevin.

## V.    *CAUSES OF ACTION*

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

27.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs

of this Complaint as though fully stated herein.

28.  The foregoing acts and omissions of each Defendant and their agents constitute

numerous and multiple violations of the FDCPA including, but not limited to, each and

every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and

below, with respect to Plaintiff:

> (a) Defendant violated *§1692f* of the FDCPA by using unfair or
>
> unconscionable means in connection with the collection of an alleged
>
> debt; and

(b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

(c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

(e) Defendant violated *§1692d(5)* of the FDCPA by engaging in any conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of a debt.  Without limiting the application of the foregoing[.]

29. Defendants' acts as described above were done intentionally with the purpose of coercing Kevin to pay the alleged debt.

30. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff Kevin Buckley for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A),

and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II
## INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff Kevin Buckley incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. The acts, practices and conduct engaged in by the Defendants vis-a-via Kevin were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

33. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Massachusetts. At the very least, it constitutes the negligent infliction of emotional distress under the laws of Massachusetts, with the harm caused being the emotional distress suffered by Kevin, and from Defendant's lies and accusations made to him.

34. All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT III
## FEDERAL WIRETAP ACT
### 18 U.S.C. § 2510 et al

35. Plaintiff Kevin Buckley incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.


36. The foregoing conduct constitutes a violation of the FWA, through Defendants'

illegal interception and usage of wire communication(s) with Kevin, without his express

or implied consent, which caused him harm via emotional distress. This conduct was

committed with the purpose of negligently and/or intentionally inflicting of emotional

distress on Kevin.


37. All acts of Defendants and the employees complained of herein were committed with

malice, intent and/or negligence, wantonness, and recklessness.


38. As a result of the foregoing violations of the FWA, Defendants are liable to the

Plaintiff Kevin Buckley for actual damages, statutory damages, punitive damages, and

reasonable costs and attorney fees, from each Defendant herein.


## COUNT IV
## MASSACHUSETTS WIRETAP ACT
### M.G. L. c.272 § 99

39. Plaintiff Kevin Buckley incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

40.  The foregoing conduct constitutes a violation of the MWA, through Defendants'
illegal interception and usage of the wire communications with Kevin, without his
express or implied consent, which caused him emotional distress.  This conduct was
committed with the purpose of negligently and/or intentionally inflicting of emotional
distress on Kevin.

41.  All acts of Defendants and the employees complained of herein were committed with
malice, intent and/or negligence, wantonness, and recklessness.

42.  As a result of the foregoing violations of the MWA, Defendants are liable to the
Plaintiff Kevin Buckley for actual damages, punitive damages, and reasonable costs and
attorney fees, from each Defendant herein.

## VI.    *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff Kevin Buckley respectfully requests that judgment be entered
against each Defendant for the following:

A.  Actual damages.

B.  Statutory damages.

C.  Punitive damages.

D.  Reasonable attorney's fees and costs.

E.  For such other and further relief as the Court may deem just and proper.

Dated:  October 16, 2012

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick
BBO:  680950
Consumer Rights Law Firm, PLLC
300 Brickstone Square, Suite 902
Andover, Massachusetts 01810
Phone: (978) 212-3300
Fax: (888) 712-4458
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff**

*DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Kevin Buckley demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.